# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

T & B HOLDING GROUP, LLC,

      Plaintiff,

v.                                Case No: 6:22-cv-1398-WWB-EJK

MERRICK B GARLAND,
ALEJANDRO N. MAYORKAS, UR
MENDOZA JADDOU, and
GREGORY A. RICHARDSON,

      Defendants.

## ORDER

This cause comes before the Court on Federal Defendants' Motion to Sever Plaintiff's Complaint (the "Motion"), filed November 1, 2022. (Doc. 23.) Plaintiff responded in opposition. (Doc. 26.) Thus, the Motion is ripe for review. Upon consideration, the Motion is due to be denied.

On January 14, 2022, Plaintiff filed suit for declaratory and injunctive relief, requesting that the Court reopen and re-adjudicate the denial of its employee's I-129 and I-140 petitions, in addition to an I-485 Adjustment of Status. (Doc. 1.)

In the instant Motion, Defendants assert that the claims in Plaintiff's Complaint must be severed pursuant to Federal Rule of Civil Procedure 20 because Plaintiff makes factually distinct allegations in its petitions, requiring individualized analysis. (Doc. 23 at 5.) Moreover, Defendants believe severance to be necessary to avoid prejudice, expense, or delay. (*Id.* at 2.) Plaintiff asserts that both petitions, I-129 and

I-140, arise out of the same transactions and involve the same Plaintiff, Defendant, and Beneficiary. (Doc. 26 at 5.) Thus, severance could cause additional prejudice and delay. (*Id.* at 6.)

Courts are "strongly encouraged" to join claims, parties, and remedies. *United Mine Workers v. Gibbs*, 383 U.S. 715, 724 (1966). A "logical relationship" must exist between the claims when determining if they arise from the same transaction, occurrence, or series of transactions or occurences. *See Alexander v. Fulton Cnty.*, 207 F.3d 1303, 1323 (11th Cir. 2000), overruled on other grounds by *Manders v. Lee*, 338 F.3d 1304 (11th Cir. 2003). Conversely, when determining whether to sever claims, a court "has broad discretion when deciding" and "may consider factors such as judicial economy, case management, prejudice to parties, and fundamental fairness." *Potts v. B&R, LLC*, No. 8:13-CV-2896-T-27TGW, 2014 WL 1612364, at *3 (M.D. Fla. April 21, 2014).

Plaintiff's petitions, I-129 and I-140, involve the same Plaintiff, Defendant, and Beneficiary. (Doc. 26.) Moreover, similar evidence has been submitted for both petitions. (*Id.*) Plaintiff therefore appears to satisfy the minimum requirements of Rule 20's logical relationship requirement, and the interest of judicial economy, cost savings, and consistency of rulings are best served in the litigation by allowing Plaintiff's claims to continue in the same action.

Accordingly, it is **ORDERED** that Defendants' Motion to Sever Plaintiff's Complaint (Doc. 23) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on January 4, 2023.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE