## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**T & B HOLDING GROUP, LLC,**

        **Plaintiff,**

**v.**                                **Case No: 6:22-cv-1398-WWB-EJK**

**MERRICK B. GARLAND,**
**ALEJANDRO N. MAYORKAS, UR**
**MENDOZA JADDOU, and**
**GREGORY A. RICHARDSON,**

        **Defendants.**

### REPORT AND RECOMMENDATION

This cause comes before the Court on Defendants' Partial Motion to Dismiss (the "Motion"), filed January 18, 2023. (Doc. 29.) Plaintiff responded in opposition on January 31, 2023. (Doc. 33.) Defendants filed a reply brief with leave of Court on February 28, 2023. (Doc. 37.) Upon consideration, I respectfully recommend that the Motion be denied.

### I.    BACKGROUND

On May 25, 2016, Plaintiff filed an I-140 petition, which was initially approved on May 15, 2017, by the Texas Service Center ("TCS") of the United States Citizenship and Immigration Services ("USCIS"). (Doc. 29 at 2.) On July 30, 2019, the TCS revoked Plaintiff's petition, noting that Plaintiff failed to provide sufficient evidence to demonstrate that Mr. Tuozzolo's employment in the United States was in a primarily executive capacity. (*Id.*) On August 21, 2019, Plaintiff appealed the denial

to the USCIS Administrative Appeals Office ("AAO"). (*Id.*) On November 25, 2020, the AAO upheld the prior revocation due to Plaintiff's inability to establish Mr. Tuozzolo's employment was primarily executive in nature. (*Id.*)

Plaintiff filed the instant Complaint on January 14, 2022, seeking judicial review of USCIC's denial of its I-129, 1-140, and 1-485 applications for Mr. Vito Tuozzolo pursuant to the Administrative Procedure Act and the Immigration and Nationality Act. (*See* Doc. 1.) On January 18, 2023, Defendants moved to partially dismiss Plaintiff's claims, specifically the challenge to USCIS's decision to revoke Plaintiff's I-140 petition pursuant to Federal Rule of Civil Procedure 12(b)(1), arguing that the claim should be dismissed as moot and that Plaintiff is not entitled to review. (Doc. 29.)

## II.    STANDARD

Under the Federal Rules of Civil Procedure, a properly served defendant must file a responsive pleading to the complaint that states the defenses for each claim and either admits or denies the allegations therein. Fed. R. Civ. P. 8(a), 12(a)(1)(A). A defendant may move to dismiss the complaint for, among other reasons, "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). Rule 12(b)(1) provides the proper framework for evaluating a motion to dismiss on grounds of mootness. *See Sheely v. MRI Radiology Network, P.A.*, 505 F.3d 1173, 1182 (11th Cir. 2007).

Subject matter jurisdiction may be attacked in two ways—a facial attack or a factual attack. *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980).[1] With a facial attack, a court reviews the allegations in the complaint and determines whether the plaintiff has sufficiently alleged subject matter jurisdiction. *Id.* Conversely, a court may look outside the four corners of the complaint, to things such as affidavits and testimony, when a defendant factually attacks the existence of subject matter jurisdiction. *Id.* "A 'factual attack' . . . challenges the existence of subject matter jurisdiction in fact, irrespective of the pleadings . . . ." *Id.* If jurisdiction is found to be lacking, the court dismisses the case without prejudice. *See Crotwell v. Hockman-Lewis Ltd.*, 734 F.2d 767, 769 (11th Cir. 1984) (finding that the district court erred when dismissing a case for a lack of subject matter jurisdiction with prejudice instead of without prejudice).

When a "court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court   . . . in which the action  . . . could have been brought at the time it was filed or noticed . . . ." 28 U.S.C. § 1631 (2018). "[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case." *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001). It is presumed that a federal court lacks jurisdiction in a case until the plaintiff

---

[1] In *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

shows the court has jurisdiction over the subject matter. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

## III.   DISCUSSION

Federal courts are courts of limited subject-matter jurisdiction and must ensure that the cases before them fall within their statutory jurisdiction. *See, e.g., Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). In specific instances in which Congress enacts legislation eliminating the district court's jurisdiction, such as 8 U.S.C § 1252(a)(2)(B)(ii), the Court has no choice but to dismiss such actions. Section 1252(a)(2)(B) provides:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, and except as provided in subparagraph (D), and regardless of whether the judgment, decision, or action is made in removal proceedings, no court shall have jurisdiction to review—
>
> . . .
>
> (ii) any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security, other than the granting of relief under section 1158(a) of this title.

Here, Plaintiff's Form I-140 petition was revoked pursuant to 8 U.S.C § 1151, which states: "[t]he Secretary of Homeland Security, may, at any time, for whatever he deems to be good and sufficient cause, revoke the approval of any petition approved by him under section 1154 of this title. Such revocation shall be effective as of the date

of approval of such petition." 8 U.S.C § 1151. Defendants assert that this Court lacks jurisdiction to review the I-140 petition revocation, as the revocation was done under the Secretary of Homeland Security's discretion under § 1151, and thus is not subject to review pursuant to § 1252(a)(2)(B)(ii). (*See* Doc. 29.)

By contrast, primarily relying on *6901 Coral Way Mgmt., LLC v. Cucinelli*, No. 6:20-cv-1464-Orl-41EJK, 2020 WL 13348807 (M.D. Fla. Sept. 10, 2020), Plaintiff asserts that its claims *are* judicially reviewable. Plaintiff acknowledges "that the Secretary's decision to revoke approval of a Form I-140 petition under § 1155 is 'discretionary,' and thus immune from judicial review pursuant to § 1252(a)(2)(B)(ii)." *Id.* at *3 (citing *Punathil v. Heinauer,* 876 F. Supp. 3d 1294, 1298 (M.D. Fla. 2012); *Karpeeva v. U.S. Dep't of Homeland Sec. Citizenship & Immigr. Serv.*, 432 F. App'x 919, 92 –925 (11th Cir. 2011). However, Plaintiff further asserts that the Court *does* have jurisdiction to review the "many decisions based on [USCIS's] legal interpretation of an alien's statutory eligibility for [an] immigration benefit before exercising [the] ultimate discretionary authority to grant or deny [an] application." *6901 Coral Way Mgmt., LLC*, 2020 WL 13348807, at *3 (quoting *Mejia Rodriguez v. U.S. Dep't of Homeland Sec.*, 562 F.3d 1137, 1143 (11th Cir. 2014)).

Similar to this case, in *6901 Coral Way,* the plaintiff sought judicial review pursuant to the Administrative Procedure Act, specifically concerning the USCIS's statutory eligibility determination of whether the plaintiff's employment duties were rendered in a capacity that were "managerial or executive." *6901 Coral Way Mgmt.,*

*LLC*, 2020 WL 13348807, at *3. The court determined that in such instances, a federal court does have jurisdiction to review the determination. *Id.*; *see also Bonillo v. Sec.'y, U.S. Dept. of Homeland Sec.*, 497 F. App'x 913, 916 (11th Cir. 2012) ("Section 1252(a)(2)(B)(ii) does not strip the district court's subject matter jurisdiction . . . to decide the question of whether the Agency complied with its own mandatory . . . regulations").

Plaintiff requests that the Court determine whether it has submitted sufficient evidence to demonstrate that Mr. Tuozzolo's employment was in an executive capacity. (Doc. 1 at 8.) Therefore, similar to *6901 Coral Way*, the Court is not being asked to review the USCIS's discretionary determination. Rather, Plaintiff seeks review of the USCIS's interpretation of statutory eligibility. Thus, the undersigned finds that this Court maintains jurisdiction over the instant case.

## IV.   RECOMMENDATION

Upon consideration of the foregoing, I **RESPECTFULLY RECOMMEND** that the Court **DENY** Defendants' Partial Motion to Dismiss. (Doc. 29.)

## <u>NOTICE TO PARTIES</u>

The party has fourteen days from the date the party is served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Recommended in Orlando, Florida on March 31, 2023.

EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE