**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

T & B HOLDING GROUP, LLC,

        Plaintiff,

v.                                                                   Case No.: 6:22-cv-1398-WWB-EJK

MERRICK B. GARLAND, ALEJANDRO
N. MAYORKAS, UR MENDOZA
JADDOU and GREGORY A.
RICHARDSON,

        Defendants.
                                          /

## ORDER

THIS CAUSE is before the Court on Defendants' Partial Motion to Dismiss (Doc. 29). United States Magistrate Judge Embry J. Kidd issued a Report and Recommendation ("**R&R**," Doc. 38), in which he recommends that the Motion be denied. Defendants filed an Objection (Doc. 41), to which Plaintiff filed a Response in Opposition (Doc. 42).[1] Thereafter, the parties were granted leave to file supplemental briefing to address a newly released opinion by the Eleventh Circuit. (Doc. Nos. 49, 50).

---

[1] Pursuant to this Court's February 10, 2023 Standing Order, objections to reports and recommendations are to be "no longer than fifteen pages inclusive of all parts[.]" Defendants' Objection is seventeen pages. To clarify, "inclusive of all parts" means including each part that is required by rule or order to appear in the filing, including the case caption, signature blocks, and certifications of service and conferral. Thus, Defendants' Objection fails to comply with the February 10, 2023 Standing Order. Additionally, Plaintiff's Response in Opposition and Supplemental Briefing (Doc. 49) fail to comply with the font requirements of this Court's January 13, 2021 Standing Order. In the interests of resolving the jurisdictional issue in this case, the Court will consider the noncompliant filings, but the parties are cautioned that future failures to comply with all applicable rules and orders of this Court may result in the striking or denial of filings without notice or leave to refile.

When a party objects to a magistrate judge's findings, the district court must "make a de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1).  The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  *Id.*  The district court must consider the record and factual issues independent of the magistrate judge's report, as de novo review is "essential to the constitutionality of [§] 636."  *Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 512 (11th Cir. 1990).  The objecting party must state with particularity findings with which it disagrees, along with its basis for the disagreement.  *Kohser v. Protective Life Corp.*, 649 F. App'x 774, 777 (11th Cir. 2016) (citing *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989)).  The court will not consider "[f]rivolous, conclusive, or general objections."  *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988) (citation omitted).

Defendants argue that this Court lacks jurisdiction to review the revocation of Plaintiff's I-140 petition because, pursuant to 8 U.S.C. §§ 1155, 1252(a)(2)(B)(ii), the revocation was a discretionary decision and discretionary decisions are immune from judicial review.  Plaintiff does not dispute that discretionary decision are non-reviewable, but argues that it is seeking review of non-discretionary determinations and procedural errors in the process.

In the R&R, Magistrate Judge Kidd recommended finding that this Court has subject matter jurisdiction because Plaintiff is not asking the Court to review the United States Citizenship and Immigration Services' ("**USCIS**") discretionary determination but is instead seeking review of USCIS's interpretation of Plaintiff's statutory eligibility.  (Doc. 38 at 5–6).  The reasoning in the R&R was largely based on the holding in *6901 Coral*

*Way Mgmt., LLC v. Cucinelli*, in which the court held that although court's lack jurisdiction to review the revocation decision under § 1155 of the INA, courts have discretion to review USCIS's statutory eligibility determinations regarding an applicant's qualification under the statute. No. 6:20-cv-1464-Orl, 2020 WL 13348807, at *3 (M.D. Fla. Sept. 10, 2020). Defendant objected, arguing that the Magistrate Judge failed to adequately address the authority cited in its briefing and arguing that *6901 Coral Way* was wrongly decided.

After the R&R was issued and the objections in this case were closed, the Eleventh Circuit issued *Bouarfa v. Sec'y, Dep't of Homeland Sec.*, 75 F.4th 1157 (11th Cir. 2023). In *Bouarfa*, the Eleventh Circuit held that a § 1155 revocation is a discretionary decision not subject to judicial review. *Id.* at 1162. Nevertheless, the Eleventh Circuit stated that what "courts may review is a claim that the Secretary erred when he made a non-discretionary determination that is a statutory predicate to his exercise of discretion," such as an applicant's eligibility for certain discretionary relief, and "a claim that the Secretary failed to follow the correct procedure in making a discretionary decision." *Id.* at 1163. With respect to the latter, the Eleventh Circuit cautioned that not "all assertions of procedural error necessarily subject the Secretary's actions to judicial review." *Id.* "When the Secretary has exercised his discretion to deny relief and determined that an earlier procedural error was immaterial to that denial, . . . there is nothing left for [the court] to correct." *Id.* (quoting *Blanc v. U.S. Att'y Gen.*, 996 F.3d 1274, 1280 (11th Cir. 2021)).

The Court allowed the parties to submit supplemental briefing on the impact of the *Bouarfa* decision in this case. In its Supplemental Briefing, Plaintiff again notes that four of the five grounds upon which it asserts jurisdiction are procedural errors that fall within the second exception left open under *Bouarfa* and, therefore, the Court has jurisdiction

3

over this case.[2] In response, Defendants argue that the procedural errors outlined in Plaintiff's briefing do not appear in the operative pleading and Plaintiff has failed to sufficiently show that the alleged errors would fall within the narrow exception laid out in *Bouarfa*.

In Count II of the operative pleading, Plaintiff argues that Defendants erred "in holding the Plaintiff petitioner to a far higher standard of proof than a preponderance of the evidence" and "in failing to explain in its decision why the adjudicator believed the claims were probably not true in violation of its own precedent[.]"  (Doc. 3, ¶¶ 84–85). Although Plaintiff alleges facts relating to the Notice of Intent to Revoke, Plaintiff did not explicitly rely on those grounds in its alleged claims and cannot now attempt to amend its pleading in response to a motion to dismiss.  *Llauro v. Tony*, 470 F. Supp. 3d 1300, 1313 n.6 (S.D. Fla. 2020) (holding that the pleading party may not amended its pleading "via a response to a motion to dismiss" (quotation omitted)).  Therefore, the Court only considers the procedural errors actually alleged in the operative pleading.

As to the proper standard to be applied, it seems that Plaintiff's argument is foreclosed by binding Eleventh Circuit precedent.  *See Bouarfa*, 75 F.4th at 1163–64; *Brasil v. Sec'y, Dep't of Homeland Sec.*, 28 F.4th 1189, 1194 (11th Cir. 2022).

---

[2] Plaintiff appears to concede that his substantive claim is barred under *Bouarfa* and, in doing so, argues this renders § 1252(a)(2)(B)(ii) unconstitutional as applied in this case.  Plaintiff's argument, however, is conclusory and raised only in passing for the first time in Plaintiff's supplemental briefing.  Thus, the Court finds this argument waived and will not address the constitutionality of § 1252(a)(2)(B)(ii) as applied to Plaintiff's substantive challenge.  *W. Sur. Co. v. Steuerwald*, No. 16-61815-CV, 2017 WL 5248499, at *2 (S.D. Fla. Jan. 17, 2017) ("It is axiomatic that arguments not supported and properly developed are deemed waived."); *see also U.S. Steel Corp. v. Astrue*, 495 F.3d 1272, 1287 n.13 (11th Cir. 2007) (noting that the court need not consider "perfunctory and underdeveloped" arguments and that such arguments are waived); *Resolution Tr. Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995).

Furthermore, Plaintiff—who has the burden of establishing jurisdiction—has failed to explain why any of its procedural arguments would fall within the exception. As the Eleventh Circuit's recent precedent makes clear, simply labeling a dispute with the outcome of the discretionary decision as a procedural error, without more, does not open the doors to the courthouse for judicial review. *See Bouarfa*, 75 F.4th at 1163–64; *Mafundu v. Mayorkas*, No. 23-CV-60611, 2023 WL 5036142, at *2 (S.D. Fla. Aug. 8, 2023); *Chavis v. U.S. Dep't of State*, No. 6:22-cv-796, 2023 WL 3098411, at *2 (M.D. Fla. Jan. 4, 2023). Thus, because this Court is not convinced that the "procedural errors" identified in the operative pleading in this case are of the type that would permit judicial review of the decision to revoke Plaintiff's I-140 Petition and Plaintiff has not come forward with sufficient evidence or authority in support of this Court's jurisdiction to hear its claims, the Court finds that dismissal is proper in this case.[3]

Therefore, it is **ORDERED** and **ADJUDGED** as follows:

1. Defendants' Objection (Doc. 41) is **SUSTAINED**.
2. The Report and Recommendation (Doc. 38) is **REJECTED** for the reasons stated herein and in light of the Eleventh Circuit's holding in *Bouarfa v. Sec'y, Dep't of Homeland Sec.*, 75 F.4th 1157 (11th Cir. 2023).
3. Defendants' Partial Motion to Dismiss (Doc. 29) is **GRANTED**.
4. The Complaint for Declaratory and Injunctive Relief (Doc. 3) is **DISMISSED without prejudice**.

---

[3] Although Defendants seek only a partial dismissal regarding the claims based on the revocation of Plaintiff's I-140 Petition, Plaintiff states that any claims arising out of the I-129 denial are now moot. (Doc. 42 at 1–2). Thus, any and all claims arising out of the denial of Plaintiff's I-129 Petition will be dismissed as moot without further analysis.

    5. The Clerk is directed to close this case.

**DONE AND ORDERED** in Orlando, Florida on September 15, 2023.

_____
WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record